[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 24, 1992 Date of Application January 24, 1992 Date Application Filed January 24, 1992 Date of Sentence September 28, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR90-47174; CR90-48899; CR90-48900.
William Holden, Esq. Defense Counsel, for Petitioner
 Jonathan C. Benedict, Esq. Assistant State's Attorney, for the State
BY THE DIVISION
After pleas of guilty, petitioner was convicted on one file of robbery in the first degree in violation of General Statutes 53a-134(a)(4). On the second file he was convicted of kidnapping in the second degree in violation of General Statutes 53a-94(a); robbery in the first degree in violation of General Statutes 53a-134(a)(4); sexual assault in the first degree in violation of General Statutes53a-70(a)(1); assault on a peace officer in violation of General Statutes 53a-167c; escape in violation of General Statutes 53a-171. On a third file he was convicted of kidnapping in the second degree in violation of General Statutes 53a-94(a); robbery in the first degree in violation of General Statutes 53a-134(a)(4); larceny in the first degree in violation of General Statutes 53a-122(a); and sexual assault in the first degree in violation of General Statutes 53a-70(a)(1).
On the first file involving robbery in the first degree a sentence of seven years was imposed. On the second file, on the first count, a sentence of ten years was imposed. A sentence of seven years was imposed on the second count. On the third count, a sentence of twenty years execution suspended after fifteen years with three years probation was imposed. On the fourth count, a two year sentence was imposed and on the fifth count a three year sentence was imposed. All sentences on this file were to run concurrently for a total effective sentence of twenty years, execution suspended after fifteen years, three years probation. On the third file, a sentence of ten years was imposed on the first count. A sentence of seven years was imposed on the second count. A sentence of five years was imposed on the third count. On the fourth count a sentence of twenty years, execution suspended after fifteen years with three years probation was imposed. On this count all sentences were to run concurrently for a total effective sentence of twenty years execution suspended after fifteen years with three years probation. All sentences in the three files were to run concurrently with each other but consecutive to any sentence imposed in Massachusetts. CT Page 9879
The facts underlying petitioner's convictions may be summarized as follows:
In the first file petitioner, who was armed with a pistol, approached an individual and demanded money from him. When this person revealed that he had no money, the victim's wife was required to toss his wallet containing a few dollars out of the window where it was taken by petitioner. No one was injured in this incident.
The other two files involve similar crimes in which the female victims were leaving their automobiles in front of their homes. Upon leaving their vehicles, both victims were accosted by petitioner who indicated that he intended to rob them. He then forced the victims into their vehicles and drove them to an isolated area where he forced them to engage in sexual intercourse. He then abandoned the victims and stole their cars.
Petitioner's attorney requested a reduction in the sentence. He argued that the court did not consider petitioner's unfortunate background. Petitioner was from a disfunctional [dysfunctional] family. His father was a drug addict. Petitioner, who had a criminal record, had always been treated harshly by the state and received little rehabilitative consideration. The present sentence would require petitioner to remain in prison for fifteen years. This sentence was consecutive to a sentence imposed in Massachusetts and would result in an effective life sentence. The attorney argued that under the circumstances this sentence was disproportionate and unduly harsh. He recommended a reduction to ten years.
Speaking on his own behalf, petitioner requested a reduction so that he could get back to work. He stated that he wished to be reunited with his family and he had a child whom he had never seen.
The state's attorney argued against any reduction. He stated that petitioner was in an escape status when he committed these crimes. The attorney stressed the seriousness of petitioner's offenses and that he had committed crimes of a similar nature in other states. The state's attorney also stated that the sentence imposed was a result of a plea bargain and that if petitioner had gone to CT Page 9880 trial he would have received a longer sentence.
The plea agreement involved an indicated sentence of twenty years suspended after fifteen years with a right to argue for less. At the time the plea was entered, petitioner's attorney advised him that his chances of a reduced sentence were negligible owing to the conduct involved.
In imposing sentence the judge remarked on petitioner's prior record of serious felony convictions and the extremely serious criminal activity involved in the crimes for which sentence was to be imposed. The judge also considered the Massachusetts sentence which had already been imposed.
In view of the character of petitioner, the serious nature of the offenses committed and the need to protect the public and deter others from such offenses it cannot be found that the sentence imposed here was inappropriate or disproportionate. Connecticut Practice Book 942.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.